VIRGINIA: IN THE CIRCUIT COURT OF ROCKINGHAM COUNTY

| | |
|---|---|
| BARBARA B. MARSH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CL13002525-00 |
| ) | |
| PITT-OHIO EXPRESS, LLC ) | |
| Serve: ) | |
|    Corporation Service Company ) | |
|    Bank of America Center, 16th Floor ) | |
|    1111 East Main Street ) | |
|    11 S. 12th Street ) | FILED IN THE CLERK'S OFFICE |
|    Richmond, Virginia 23219 ) | ROCKINGHAM COUNTY, VA. |
| ) | |
| and ) | SEP 2 3 2013 |
| ) | |
| GARY DEWAYNE RESH ) | _____ DEPUTY CLERK |
| Serve: ) | |
|    110 Sand Flat School Road ) | |
|    Salisbury, Pennsylvania 15558 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Barbara B. Marsh, by counsel, hereby moves for judgment, jointly and severally, against Defendants Pitt-Ohio Express, LLC (hereinafter "Pitt-Ohio") and Gary Dewayne Resh on the grounds and for the amounts set forth below. Plaintiff avers as follows:

1. Plaintiff Barbara B. Marsh is, and was at all times relevant, a resident of Rockingham County, Virginia.

2. Defendant Pitt-Ohio is, and was at all times relevant, a Pennsylvania limited liability company with its principal place of business in Pittsburgh, Pennsylvania.

1



3. Upon information and belief, Defendant Gary Dewayne Resh is, and was at all time relevant, a resident of the Commonwealth of Pennsylvania.

4. On or about September 29, 2011, at approximately 1:18 p.m., Defendant Gary Dewayne Resh operated a tractor-trailer on Reservoir Street, nearing the intersection with Evelyn Byrd Avenue, in the City of Harrisonburg, Virginia.

5. At the aforementioned time and place, Defendant Gary Dewayne Resh operated the tractor-trailer in such a manner as to cause it to suddenly and violently collide into a vehicle situated in front of the tractor-trailer, thereby causing a collision of other vehicles lawfully stopped at or near the aforementioned intersection, including a vehicle operated by Alexander Marsh.

6. Plaintiff Barbara B. Marsh was riding as a passenger in a vehicle operated by her husband, Alexander Marsh, at the aforementioned time and place.

7. At the time of the collision, Alexander Marsh had lawfully stopped his vehicle at the stoplight at the aforementioned intersection.

8. At the aforementioned time and place, Defendant Gary Dewayne Resh was operating the tractor-trailer:

    (a) in his capacity as an employee and/or agent of Defendant Pitt-Ohio;
    (b) within the scope of his employment with Defendant Pitt-Ohio;
    (c) incidental to the business of Defendant Pitt-Ohio; and
    (d) in order to further Defendant Pitt-Ohio's interest.

9. At the aforementioned time and place, Defendant Gary Dewayne Resh had a duty to use ordinary care:

    (a) to pay full time and attention to driving;
    (b) to keep a proper lookout;
    (c) to keep his vehicle under proper control;
    (d) to maintain a proper distance between vehicles;

(e) to operate his vehicle at a reasonable speed under the existing conditions; and
(f) to otherwise operate his vehicle in a safe manner under the existing conditions of traffic then and there prevailing.

10. Defendant Gary Dewayne Resh breached the foregoing duties and was negligent in that, among other things, he failed:

(a) to pay full time and attention to driving;
(b) to keep a proper lookout;
(c) to keep his vehicle under proper control;
(d) to maintain a proper distance between vehicles;
(e) to operate his vehicle at a reasonable speed under the existing conditions; and
(f) to otherwise operate his vehicle in a safe manner under the existing conditions of traffic then and there prevailing.

11. As a direct and proximate result of the negligent conduct of Defendant Gary Dewayne Resh, Barbara B. Marsh was damaged in that, among other things, she has:

(a) sustained bodily injuries;
(b) suffered and will suffer in the future physical pain and mental anguish;
(c) experienced inconvenience and hardship and will continue to experience inconvenience and hardship in the future; and
(d) incurred medical expenses and will incur future medical expenses.

12. As Defendant Gary Dewayne Resh's employer and/or principal, Defendant Pitt-Ohio is liable for all damages proximately caused by the negligence of Defendant Gary Dewayne Resh while acting within the scope of his employment and/or agency.

13. Barbara B. Marsh is entitled to damages from Defendants in such sum as will fully and fairly compensate her for the damages she has sustained as a result of Defendant Gary Dewayne Resh's negligence.

3

WHEREFORE, Plaintiff, Barbara B. Marsh, by counsel, prays that judgment be entered in her favor, jointly and severally, against Defendants Pitt-Ohio Express, LLC and Gary Dewayne Resh in the amount of One Million, Seven Hundred and Fifty Thousand Dollars ($1,750,000.00) or such lesser amount as a jury or this Court deems fair and reasonable, plus prejudgment and post-judgment interest thereon, plus her costs incurred herein.

TRIAL BY JURY IS DEMANDED.

BARBARA B. MARSH
By Counsel

*/s/ Daniel R. Lauro*
DANIEL R. LAURO (VSB No. 73131)
KEVIN M. ROSE (VSB No. 35930)
BotkinRose PLC
3190 Peoples Drive
Harrisonburg, Virginia 22801
(540) 437-0019 (office)
(540) 437-0022 (fax)
dlauro@botkinrose.com
krose@botkinrose.com
Counsel for Plaintiff Barbara B. Marsh

4